IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-558-D |
| | § | |
| GREGORY BOWDEN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses defendant Gregory Bowden's ("Bowden's") April 24, 2017 Rule 16(a) motion for discovery.

Bowden is charged in count one of a three-count indictment with sex trafficking of children, in violation of 18 U.S.C. § 1591(a) and (b)(2); in count two with sex trafficking through force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and 2[1]; and in count three with sex trafficking through force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and 2.[2] He is also charged with aider and abettor liability in counts two and three.[3] The trial is set for April 2, 2018.

I

In Bowden's discovery motions, he moves for eight categories of discovery. The

---

[1]This count relates to the period June 19, 2014 through June 27, 2014.

[2]This count relates to the period February 1, 2014 through December 19, 2014

[3]These counts charge violations of 18 U.S.C. § 2.

court has organized some of Bowden's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

In requests Nos. 1-5, and 7, Bowden requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(D). In request No. 1, Bowden requests that the government be ordered to disclose all written or recorded statements made by Bowden prior to or subsequent to his arrest. Bowden requests in request No. 2 that the government be ordered to disclose any oral statement made by Bowden before or after his arrest, in response to interrogation by any person then known by Bowden to be a government agent, which the government intends to offer in evidence. In request No. 3, Bowden requests that the government be ordered to disclose any evidence of prior criminal record by Bowden. Bowden requests in request No. 4 that the government be ordered to disclose any photographs, books, papers, documents, tangible objects, buildings or places, or copies or portions thereof that are within the possession, custody or control of the government, and that are material to the preparation of Bowden's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Bowden. In request No. 5, Bowden requests that the government disclose any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof that are within the possession, custody or control of the government, or that by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as

evidence in chief at trial. Bowden requests in request No. 7 that the government produce the statements of any alleged coconspirator or codefendant.

To the extent that Bowden requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

B

Bowden requests in request No. 6 that the government be ordered to disclose the criminal record of any witnesses the government intends to call at trial.

To the extent Bowden requests discovery that the government is required to disclose under Rule 12(b)(4), Rule 16, *Brady*, and/or *Giglio*, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

C

In request No. 8, Bowden requests that the government be ordered to disclose the name, identity, and whereabouts of any such individuals who gave information leading to Bowden's arrest or indictment, as well as how much said informer was paid by the government for such information.

If the government has used an informant in investigating or prosecuting Bowden, it

must notify the court *in camera* no later than December 18, 2017. With respect to other individuals, to the extent Bowden requests discovery that the government is required to disclose under Rule 12(b)(4), Rule 16, *Brady*, and/or *Giglio*, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than January 2, 2018.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of the witness.

**SO ORDERED**.

November 28, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE