IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:15-CR-558-D |
| VS. § | |
| § | |
| GREGORY BOWDEN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Bowden ("Bowden") moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the court denies the motion.

I

Bowden pleaded guilty to one count of use of a facility of interstate commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(2) and (B) (18 U.S.C. § 1591(a) and (b)(1)). On June 14, 2019 the court sentenced him to 132 months' imprisonment to be followed by 3 years of supervised release.

On June 25, 2020 Bowden filed a motion for compassionate release under the CARES Act.[1] The court denied the motion to the extent that it sought relief under either the CARES Act or under 18 U.S.C. § 3582(c)(1)(A).

On April 19, 2022 Bowden filed an appeal of his sentence. While the appeal was

---

[1] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136.

pending, Bowden filed on May 17, 2023 the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), using form AO 250. On June 2, 2023 Bowden's pending appeal of his sentence was dismissed as frivolous.

The government filed its response to Bowden's motion for sentence reduction on June 12, 2023. The time for Bowden to file a reply has expired, and his motion is now ripe for decision.[2]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3] When deciding whether to modify a term of imprisonment, the court

---

[2]On May 18, 2023 the court entered an order directing the government to file a response to Bowden's motion and permitting Bowden to file a reply. The government filed its response on June 12, 2023. Bowden has not filed a reply.

[3]Bowden contends that he submitted a request for compassionate release to the Warden of his facility and that the request was denied on July 23, 2020. He attaches as an exhibit to his motion a copy of what appears to be a June 16, 2020 request to the Warden for compassionate release based on his serious medical condition "that makes [him] vulnerable to the disease." D. Ex. 4. (ECF No. 127-1) at 19. Although Bowden's request was denied over three years ago, the court will assume *arguendo* that Bowden has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A), to the extent that he

must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Bowden contends that extraordinary and compelling circumstances warrant a sentence reduction because the COVID-19 pandemic and closed living spaces make him susceptible to death; his medical conditions (including asthma and "no spleen to cle[a]nse [his] body from infections") heighten the chance of death if he contracts COVID-19; and he "would have not even been able to get charged with 18 [U.S.C. §] 1952 and 18 [U.S.C. §] 1591 because 18 [U.S.C. §] 1591 is not a crime of violence to support 18 [U.S.C. §] 1592," under *United States v. Jackson*, 7 F.4th 261, 263 (5th Cir. 2021) (per curiam). D. Mot. (ECF No. 126) at 5.

Because the court concludes below that Bowden's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Bowden has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx.

---

requests compassionate release based on his medical conditions. To the extent that Bowden seeks compassionate release based on other arguments, Bowden has not exhausted his administrative remedies.

731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, ___ F.4th ___, 2023

WL 5284059, at *2 (5th Cir. Aug. 17, 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Bowden is currently serving a sentence of 132 months for the offense of use of a facility of interstate commerce in aid of a racketeering enterprise. But the title of the crime does not capture its true seriousness. Bowden pleaded guilty under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that capped his prison sentence at 132 months. As the presentence report points out, "[i]n his Factual Resumé, Bowden admitted to using violence and threats of violence to continue to cause victim R.R. to engage in commercial sex acts. Bowden intentionally caused R.R. serious bodily injury in furtherance of his unlawful commercial sex enterprise." PSR ¶ 19 (ECF No. 95-1 at 9) (bold font omitted). At the time of sentencing, Bowden fell into criminal history category III based on multiple prior adult convictions. He is not eligible for release from prison until August 2, 2025. If the court grants his motion, it will be ordering him released 22 months before he would otherwise be eligible. Not only would Bowden's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Bowden fails to provide any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to

show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Bowden's relevant offense conduct, including his use of violence and multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Bowden's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

To the extent that Bowden's motion can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section

is warranted for errors that occurred at trial or sentencing." (citations omitted)). But a § 2255 motion would, at this point, be untimely under 28 U.S.C. § 2255(f)(1) because more than one year has passed since the judgment of conviction in this case became final.

Even so, this would be Bowden's initial § 2255 motion, so if the court were to recharacterize his argument as requesting relief under § 2255, it would be required to advise Bowden that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2244(b)(3)(A); *United States v. Cardenas*, 13 F.4th 380, 386 (5th Cir. 2021) ("When a district court recharacterizes a filing as a § 2255 motion, the movant must have the opportunity to amend his now-recharacterized motion . . . to include any claims that relate back to the original pleading." (citations omitted)).

And insofar as Bowden seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)). Accordingly, to the extent that Rodriguez challenges the legality of his underlying sentence, the court will not consider his challenge in deciding his motion under § 3582(c).

\* \* \*

Accordingly, Bowden's May 17, 2023 motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

September 19, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE