IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 3:15-CR-558-D |
| § | |
| GREGORY BOWDEN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Bowden ("Bowden"), proceeding *pro se*, moves to suspend his restitution payments. For the reasons that follow, the court denies the motion.

I

In 2018 Bowden pleaded guilty to one count of use of a facility of interstate commerce in aid of a racketeering enterprise. In his plea agreement, he agreed that "any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately." ECF No. 88, at 4.

The court sentenced Bowden to 132 months' imprisonment, followed by 3 years of supervised release, and ordered him to pay a $100 mandatory special assessment and $332,990 in restitution to victim R.R. The court specified that restitution was payable immediately and during incarceration, and also ordered a specific payment plan to be carried out during Bowden's term of supervised release. The sentence provided that the post-incarceration payment plan would "not affect the ability of the United States to immediately

collect payment in full through," *inter alia*, the Inmate Financial Responsibility Program ("IFRP"). ECF No. 103, at 5.

In 2022 Bowden agreed to participate in the IFRP, paying $25 per quarter. While participating in the program, Bowden paid his $100 assessment and $279.61 in restitution. He thereafter refused to continue participating, and his payments stopped.

Bowden now moves to suspend his restitution payments until he is released, contending that prison staff are "illegally calculating a schedule of payments" and that he is unable to pay the $25 per quarter specified in his IFRP payment plan. ECF No. 135, at 1. The government opposes the motion.

II

The court first considers whether Bowden is entitled to relief under 28 U.S.C. § 2241.

When a defendant seeks to suspend or modify his IFRP payment plan, he must file a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated, after exhausting all administrative remedies. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009); *United States v. Broadus*, 2014 WL 4060048, at *2 (N.D. Tex. Aug. 15, 2014) (Boyle, J.); *United States v. Robertson*, 2021 WL 1990183, at *2 (N.D. Tex. Apr. 30, 2021) (Ramirez, J.), *report and rec. adopted*, 2021 WL 1991237 (N.D. Tex. Apr. 30, 2021) (Boyle, J.).

Bowden is not entitled to relief under 28 U.S.C. § 2241. He is currently incarcerated at FCI-El Reno, which is located in the Western District of Oklahoma. If the instant motion is construed as a § 2241 habeas petition, jurisdiction over this matter lies in the United States

District Court for the Western District of Oklahoma, not in this court. Because this court does not have jurisdiction, Bowden is not entitled to relief.

III

The court next considers whether Bowden is entitled to relief under 18 U.S.C. § 3664(k).

A district court can modify a sentence that imposes an order of restitution "as the interests of justice require," upon a showing of "a material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k), (o)(1)(D). "A 'material change' in economic circumstances is a bona fide change in the defendant's financial circumstances, either positive or negative, that affects [his] ability to pay restitution." *Broadus*, 2014 WL 4060048, at *1 (citing *United States v. Wooderts*, 2008 WL 245352, at *1 (N.D. Tex. Jan. 29, 2008) (Fitzwater, C.J.)). The defendant "bears the burden of proving that his circumstances have changed enough to warrant such a modification." *Wooderts*, 2008 WL 245352, at *1 (citation omitted).

Even if Bowden's motion is liberally construed as a § 3664(k) motion to modify his restitution order, he is not entitled to relief. Bowden has not presented any evidence indicating that his economic circumstances have changed. And the government has pointed to records showing that, based on the total funds deposited into his trust fund account in the previous six months, Bowden's ability to pay actually exceeds the amount he agreed to pay under his IFRP payment plan. Bowden has not refuted this assertion. Because Bowden has not met his burden of showing a material change in his economic circumstances, he is not

- 3 -

entitled to a modification of his restitution order under 18 U.S.C. § 3664(k).

* * *

For the reasons explained, the court denies Bowden's motion.

**SO ORDERED**.

July 3, 2024.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE